### STATE v. MACK CARIVEY.

(Filed 21 October, 1925.)

**1. Criminal Law—Escape—Statutes.**

Where a prisoner has been lawfully confined in a jail, and by the aid of one on the outside succeeds during the night in breaking through and leaving his cell but remains within the outside corridor of the jail until found by the officers of the law, a legal escape had not been effected.

**2. Same—Indictment—Attempt.**

Where the bill of indictment charges that the defendant gave assistance to one in lawful confinement by a direct ineffectual act done towards the commission, with intent to effect his escape, and by explicit language shows an attempt to rescue, the word "attempt" need not be set out in the indictment.

**3. Same.**

An attempt to commit a crime is an indictable offense. The indictment charges an attempt to rescue.

APPEAL from *Devin, J.,* and a jury, at June Term, 1925, of HALIFAX. No error.

Defendant was convicted and sentenced under the following bill of indictment, and appealed to the Supreme Court:

"The jurors for the State, upon their oath, present, that on the 11th day of January, 1925, at Roanoke Rapids, in said county, one W. D. Johnson was undergoing lawful imprisonment in the common jail to await his trial on the charge of operating an automobile, while under the influence of intoxicating liquor, upon the public highways of said county; whereupon Mack Carivey and Richard Savage, late of Halifax County, on the 11th day of January, 1925, at and in the county aforesaid, did then and there well knowing these premises and with the intent that the said W. D. Johnson should elude justice

and escape out of the said jail, and go at large, unlawfully, wilfully and feloniously enter the outside door of said jail and remove the levers which were used to fasten the doors enclosing and confining the prisoners in said jail, against the form of the statute in such case made and provided, and against the peace and dignity of the State.

R. HUNT PARKER, *Solicitor."*

The State's evidence was, in substance: "One Dudley Johnson was confined in the town jail of Roanoke Rapids under proper papers charging him with driving an automobile while intoxicated. The jail was the city lock-up at Roanoke Rapids. It consisted of an outer wall of brick and an inner defense of steel, which was separated from individual cells by an interval which is called a hall in the case. There was a door entering the brick wall and then a door which opened through the steel defense into the hall, and then doors to each individual cell. The defendant in this appeal went with Richard Savage on the night of 11 January, 1925, to this place with the intention to get Dudley Johnson out. Savage had with him a key which unlocked the outer door and he and the defendant entered the jail there. They could not, however, open the door to the steel enclosure. After working with it for a while and finding they could not, they reached in and moved the lever so that Johnson could come out of his individual cell into the hall, leaving him, Johnson, however, confined within the limits of the steel enclosure. When the officers went to the lock-up the next morning, they found Johnson in this hall and out of his cell. Upon their asking an explanation, he accounted for his being out of the cell as stated herein."

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Travis & Travis for defendant.*

CLARKSON, J. The defendant in his brief says: "There was only one exception, and that was to the sufficiency of the bill of indictment. After verdict the defendant moved in arrest of judgment on the ground that the bill of indictment does not sufficiently charge defendant with the crime of 'Escape,' and does not sufficiently charge defendant with any crime under the law. . . . Clearly this bill does not charge an escape. It does not charge that there was an escape, and in fact there was none."

In 2 Bishop on Criminal Law, 9 ed. (1923), sec. 1065, subsec. 3, it is said: "The word 'escape' has two separate meanings in the law. One is the allowing, voluntarily or negligently, of a prisoner lawfully

in custody to leave his confinement. The other is the going away, by the prisoner himself, from his place of lawful custody, without a breaking of prison."

In *S. v. Ritchie,* 107 N. C., p. 858, it is said: "An escape is defined— 'when one who is arrested gains his liberty before he is delivered in due course of law.' 1 Russ. Crimes, 467. And by another eminent authority, tersely, as 'the departure of a prisoner from custody.' 2 Whart. Cr. L., sec. 2606. These definitions are cited and approved by *Smith, C. J.,* in *S. v. Johnson,* 94 N. C., 924."

We do not think the bill charges an escape. The only question for our decision, under the bill of indictment and evidence, is: Has defendant been convicted of any crime?

It is said, *In re Westfeldt,* 188 N. C., p. 709: "The charge of the court not appearing in the record, it is to be presumed that the court below charged the law in accordance with the evidence."

The crime is not prison breach—that is defined in 2 Bishop, *supra,* sec. 1065, subsec. 1, as follows: "Prison breach is a breaking and going out of prison by one lawfully confined therein."

C. S., 4404 declares: "If any person shall break prison, being lawfully confined therein, or shall escape from the custody of any superintendent, guard or officer, he shall be guilty of a misdemeanor."

We think the crime of which defendant is charged, and of which he has been convicted is an attempt to commit the crime of rescue. Rescue is defined in 2 Bishop, *supra,* 1065, subsec. 2: "Rescue is a deliverance of a prisoner from lawful custody by any third person."

If there had been a deliverance of the prisoner by defendant he would have been guilty of rescue, as the prisoner, by the admitted evidence, was in lawful custody.

C. S., 4640 is as follows: "Upon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime." *S. v. Kline, ante,* p. 180.

Here, then, was an attempt to commit a crime amounting to a rescue, and C. S., 4640 permits the jury to convict a prisoner of a less degree of the same crime or of an attempt to commit the crime charged in the bill of indictment.

*Hoke, J.,* in *S. v. Addor,* 183 N. C., p. 688, said: "An attempt to commit a crime is an indictable offense, and as a matter of form and on proper evidence, in this jurisdiction, a conviction may be sustained on a bill of indictment making the specific charge, or one which charges a completed offense. *S. v. Colvin,* 90 N. C., 718; C. S., 4640. In 3 A. & E., p. 250, an unlawful attempt to commit a crime is defined

21—190

as an act done in part execution of a criminal design, amounting to more than mere preparation, but falling short of actual commission and possessing, except for failure to consummate, all the elements of the substantive crime; and in 16 Corpus Juris, at p. 113, it is said that an unlawful attempt is compounded of two elements: First, the intent to commit it; and, second, a direct, ineffectual act done towards its commission." The learned *Justice* in the *Addor case* cites abundant authority and reasoning to sustain the position. 1 Cyc. Criminal Law (Brill, 1922), sec. 146.

The language of the bill of indictment used the word "intent," and the facts set out show an "attempt" without using the word. The words in the bill *ex vi termini* necessarily import an attempt to commit the crime of rescue, and are amply sufficient to give the defendant full notice of the crime with which he stands charged, and that is the chief purpose of the bill of indictment. We think this principle is borne out in *S. v. Hewett,* 158 N. C., p. 629, at least not in conflict with it.

C. S., 4623 is as follows: "Every criminal proceeding by warrant, indictment, information, or impeachment is sufficient in form for all intents and purposes if it express the charge against the defendant in a plain, intelligible, and explicit manner; and the same shall not be quashed, nor the judgment thereon stayed, by reason of any informality or refinement, if in the bill or proceeding, sufficient matter appears to enable the court to proceed to judgment."

"Form, technicality and refinement have given way to substance, and it is sufficient if the indictment contains the charge in a plain, intelligent, and explicit manner. *S. v. Leeper,* 146 N. C., 655; *S. v. Hedgecock,* 185 N. C., 714; *S. v. Hawley,* 186 N. C., 433." *S. v. Switzer,* 187 N. C., 96; *S. v. Jarrett,* 189 N. C., 520.

From the record we find

No error.