STATE v. HARVEY LAWRENCE.

(Filed 24 September, 1930.)

1. **Criminal Law I c—Mere presence of guards during trial does not prejudice defendant and is not ground for new trial.**

   The mere fact that the officers of the court guarded the outside of the court-room with State militia during the course of the prisoner's trial in a criminal prosecution, for the prisoner's protection, does not alone entitle the prisoner to a new trial on appeal upon the ground that a fair and impartial trial, guaranteed by the Constitution, had not been given him, where it appears that no demonstration had been made against him or anything done that could have prejudiced his rights, and his exception to the refusal of the trial court to allow his motion that the guard be dismissed will not be sustained on appeal, ordinarily matters of this kind being within the sound discretion of the court.

2. **Criminal Law L g—Supreme Court is confined to matters of law or legal inference on appeal in criminal cases.**

   The Supreme Court is confined to matters of law or legal inference upon an appeal in a criminal prosecution. Article IV, section 8.

3. **Criminal Law B a—In this case held: question of whether defendant was too intoxicated to have criminal intent was for jury.**

   Where the prisoner on trial for a capital felony relies upon his evidence tending to show that he was too intoxicated at the time of the commission of the crime to have a criminal intent, and there is evidence to the contrary offered by the State, the conflicting evidence raises an issue of fact for the determination of the jury under proper instructions from the court.

4. **Criminal Law L d—Where instructions do not appear of record they will be deemed to be without error.**

   Where the charge of the trial court to the jury does not appear of record on appeal it will be conclusively presumed that the court correctly charged the law arising upon the evidence.

APPEAL by defendant from *Midyette, J.,* at April Special Term, 1930, of HERTFORD. No error.

At his trial on an indictment for burglary, the defendant in this action was convicted of burglary in the first degree. C. S., 4232. From judgment that he suffer death by means of electrocution, as prescribed by statute, C. S., 4233, defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*A. T. Castelloe and V. D. Strickland for defendant.*

CONNOR, J. On his appeal to this Court the defendant contends that if the judgment from which he has appealed is affirmed, and executed as

16—199

required by statute, he will be deprived of his life, without due process of law, for that the trial at which he was convicted and sentenced to death, was conducted under such conditions that it was not a fair and impartial trial according to the law of the land. Upon this contention, defendant prays that a new trial be granted him by this Court.

It appears from the statement of the case on appeal in the record, that there was present during the trial in the Superior Court a guard consisting of twenty-eight armed members of the State militia. This guard was present for the purpose of protecting the defendant during the trial from apprehended violence and of assuring the defendant a fair and impartial trial. There is nothing in the record tending to show the ground of such apprehension. There was no manifestation, either before or at the trial, of any ill-will toward the defendant on the part of citizens of Hertford County, or of any purpose on their part to prevent or interfere with an orderly trial, by violence or otherwise. The guard was doubtless provided because it was apprehended by the sheriff of Hertford County and others whose duty it was to protect the defendant, and assure him a fair and impartial trial, that, because of the nature of the crime with which the defendant was charged, there might be some outburst of feeling against the defendant on the part of those who should attend the trial, followed by some attempt to do him harm. Fortunately, there was no such outburst. The presence of the guard in the court-house yard and the jail nearby did not prejudice the defendant. The learned and experienced judge who presided at the trial, at the request of counsel for defendant, excluded the members of the guard from the court-room during the trial. His denial of defendant's motion that the guard be dismissed and sent away, was not error for which defendant is entitled to a new trial. This motion was addressed to his discretion, and his ruling, in the absence of a palpable abuse of such discretion, cannot be reviewed by this Court. As was said in *Rawls v. Lupton,* 193 N. C., 428, 137 S. E., 175, "We have no power here except to review upon appeal decisions of the courts below upon matters of law or legal inference." Const. of N. C., Art. IV, sec. 8.

We cannot hold that where as in the instant case the executive officers of the State have provided an armed guard for the protection of a defendant in a criminal action, during his trial, from apprehended violence or from manifestations, during the trial, on the part of those present, of ill-will toward the defendant, the mere presence of the guard at the trial deprives the defendant of a fair and impartial trial—such as he is entitled to under the laws of this State. Ordinarily, matters of this kind are within the discretion of the presiding judge, whose duty it is to see that conditions surrounding the trial are not prejudicial to the defendant. *S. v. Newsome,* 195 N. C., 552, 143 S. E., 187.

STATE *v.* LAWRENCE.

It is not contended on this appeal that the evidence offered at the trial by the State was not sufficient to support the verdict that defendant is guilty of burglary in the first degree as charged in the indictment; nor is it contended that evidence offered by the State was submitted to the jury over the objection of defendant, or that evidence offered by the defendant was excluded upon objection by the State. The evidence set out in the case on appeal, admittedly competent in all respects, was amply sufficient to sustain the verdict.

The defendant for his defense relied upon evidence offered by him tending to show that he was so intoxicated, as a result of drinking whiskey, at the time the evidence offered by the State tended to show that he broke and entered the dwelling-house as charged in the indictment, that he was incapable of forming the unlawful intent charged, which was an essential element of the crime. *S. v. Allen,* 186 N. C., 302, 119 S. E., 504. There was evidence, however, offered by the State, tending to show that defendant was not intoxicated, as he contended, and that he was not under the influence of whiskey at the time the crime was committed. As there was no exception to the charge of the court to the jury—the charge not appearing in the case on appeal prepared by counsel for defendant, and accepted by the solicitor for the State—it must be conclusively presumed that the conflicting evidence was properly submitted to the jury under correct instructions as to the law applicable to the facts as the jury should find them from the evidence.

Where the charge of the court to the jury is not included in the case on appeal certified to this Court, it is presumed that it was not prejudicial to the appellant. *S. v. Sigmon,* 190 N. C., 684, 130 S. E., 854; *S. v. Carivey,* 190 N. C., 319, 129 S. E., 802; *In re Westfeldt's Will,* 188 N. C., 702, 125 S. E., 531; *Indemnity Co. v. Tanning Co.,* 187 N. C., 190, 121 S. E., 468; *Bank v. Wysong,* 177 N. C., 284, 98 S. E., 769; *Ellison v. Telegraph Co.,* 163 N. C., 5, 79 S. E., 277.

Defendant's only assignment of error on his appeal to this Court is based upon his exception to the refusal of the court to allow his motion that the guard, provided for the protection of defendant during his trial, be dismissed. This assignment of error cannot be sustained. We find no error on the record. The judgment is, therefore, affirmed.

No error.