### STATE v. LATTIMER B. SPAULDING.

(Filed 16 December, 1936.)

**Receiving Stolen Goods § 2—Charge must direct that guilty knowledge, express or implied, must exist at time of receiving stolen property.**

Knowledge that the goods were stolen at the time of receiving them is an essential element of the offense of receiving stolen goods, and although guilty knowledge may be inferred from incriminating circumstances, a charge that such knowledge might be actual or implied, without specifying that it would have to exist at the time of the receiving, is erroneous.

APPEAL by defendant from *Parker, J.,* at May Term, 1936, of NEW HANOVER.

Criminal prosecution, tried upon warrant charging the defendant with "receiving stolen goods knowing them to have been stolen," cigars, etc.,

of the value of $10.00, the property of Fannie Burnett. The warrant was amended in the Superior Court with a view to charging a violation of C. S., 4251.

The evidence on behalf of the State tends to show that the defendant is a merchant in the city of Wilmington; that on 6 April, 1935, he purchased from one Henry Brown a box of Lillian Russell cigars, some smoking tobacco, and twelve packages of raisins, for $1.25, which the said Brown had stolen from Fannie Burnett. The retail price of said cigars is "two for a nickel," and the raisins sell for five cents a package. The defendant's "reputation is bad for handling stolen goods and whiskey."

The defendant offered evidence in denial of the State's case.

Verdict: "Guilty of receiving stolen property, knowing it to have been stolen, as charged in the warrant."

Judgment: Four months on the roads.

Defendant appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Herbert McClammy for defendant.*

STACY, C. J. Touching the question of *scienter,* the court instructed the jury as follows: "It is necessary to establish either actual or implied knowledge. . . . This knowledge that the goods were stolen may be actual or it may be implied. . . . The test is as to the knowledge, actual or implied."

This instruction, it would seem, was prejudicial to the defendant. *S. v. Morrison,* 207 N. C., 804, 178 S. E., 562. True, the jury is at liberty to infer guilty knowledge from circumstances justifying the inference, *S. v. Wilson,* 176 N. C., 751, 97 S. E., 496, but the knowledge inferred must be such as to bring it within the condemnation of the statute. *S. v. Lowe,* 204 N. C., 572, 169 S. E., 180; *S. v. Stathos,* 208 N. C., 456, 181 S. E., 273, properly interpreted, is accordant herewith.

Knowledge that the goods were stolen at the time of receiving them is an essential element of the offense. *S. v. Barbee,* 197 N. C., 248, 148 S. E., 249; *S. v. Dail,* 191 N. C., 231, 131 S. E., 573; *S. v. Caveness,* 78 N. C., 484.

The sufficiency of the warrant, as amended, is not questioned.

New trial.