### STATE v. EARL MILLER.

(Filed 3 November, 1937.)

**Receiving Stolen Goods §§ 2, 7—Charge that defendant would have guilty knowledge if he reasonably believed or knew goods to be stolen held error.**

Guilty knowledge is an essential element of the offense defined by C. S., 4250, and while such knowledge may be implied or inferred by the jury from the facts and circumstances, it is error for the court to instruct the jury to the effect that defendant would have knowledge within the meaning of the statute if he received the goods under circumstances "such as to cause defendant to reasonably believe or know" that the property had been stolen, "reasonable belief" and "implied knowledge" not being synonymous.

APPEAL by defendant from *Pless, J.,* at May Term, 1937, of ROWAN. New trial.

*Attorney-General Seawell for the State.*

*Woodson & Woodson, P. S. Carlton, A. A. Whitener and George R. Uzzell for defendant, appellant.*

SCHENCK, J. The appellant was convicted upon a bill of indictment charging that Earl Miller ". . . 2 cases of Camel cigarettes, 2 cases of Chesterfield cigarettes of the value of two hundred and five dollars aforesaid, of the goods, chattels and moneys of the said Jake Rendleman before then feloniously stolen, taken and carried away, feloniously did receive and have . . . the said Earl Miller . . . then and there well knowing said goods, chattels and moneys to have been feloniously stolen, taken and carried away, contrary to the form of the statute in such cases made and provided."

The appellant assigns as error the following excerpt from the charge: "The term 'knowledge,' gentlemen of the jury, is not so limited in its scope as to mean that a defendant must know to the extent of actually having seen the property stolen, but it means, gentlemen of the jury, that if the facts, the circumstances and the surroundings of the transactions at the time the property is received are such as to cause the *defendant to reasonably believe or know* that the property was stolen, then, gentlemen of the jury, that would constitute knowledge within the purview and intent of the statute. *Using that as a definition,* gentlemen of the jury, if you shall find and find beyond a reasonable doubt, the burden being on the State to prove it, that the defendant, Earl Miller, received cigarettes which had theretofore been stolen from Jake Rendleman, the prosecuting witness, and you further find beyond a reasonable doubt that at the time of so doing he knew that the same had theretofore been stolen, then, gentlemen of the jury, the court instructs you that it would be your duty to render a verdict of guilty of receiving stolen property." We are constrained to sustain this assignment of error.

C. S., 4250, under which the bill of indictment was drawn, provides that the person charged shall receive the stolen goods "knowing the same to have been feloniously stolen or taken," thereby making guilty knowledge one of the essential elements of the offense, which the law requires to be proven beyond a reasonable doubt as a condition precedent to conviction.

*S. v. Stathos,* 208 N. C., 456, does not sustain his Honor's charge. In that case it is said: "This knowledge may be actual or it *may* be implied when the circumstances under which the goods were received were sufficient to lead the party charged to believe they were stolen. However, while it is true that it is not necessary that the person from whom the goods are received shall state to the person charged that the goods were stolen, and while the guilty knowledge of the person charged may be inferred from the circumstances of the receipt of the goods, still it is necessary to establish either actual or implied knowledge on the part of the person charged of the fact that the goods were stolen." It will be noted that the opinion uses the expression "may be implied" and not "will be implied." In other words, "when the circumstances under which the goods were received were sufficient to lead the party charged to believe they were stolen," the jury may find that he received the goods "knowing the same to have been feloniously stolen," but it is not mandatory that the jury so find under such circumstances. *S. v. Spaulding,* 211 N. C., 63. "To reasonably believe" and "to know" are not interchangeable terms. While the latter may be implied or inferred from circumstances establishing the former, it does not follow that reasonable belief and implied knowledge are synonymous. The State must

establish that the defendant received the goods "knowing the same to have been feloniously stolen or taken," and this is not necessarily accomplished by establishing the existence of circumstances "such as to cause the defendant to reasonably believe" the goods were stolen. Knowledge connotes a more certain and definite mental attitude than reasonable belief, and whether knowledge is implied from circumstances sufficient to establish reasonable belief is a question for the jury. "Where the defendant in a criminal action is charged with a statutory crime, it is incumbent on the State to satisfy the jury beyond a reasonable doubt, by the evidence, of all the facts which constitute the crime as defined by the statute." *S. v. Folger,* 211 N. C., 695.

For the error assigned the defendant is entitled to a new trial, and it is so ordered.

New trial.