STATE v. A. STORY BATSON.

(Filed 26 November, 1941.)

**1. Barratry § 1—**

The common law offense of barratry obtains in this State, since it has never been the subject of legislation in North Carolina and is not repugnant nor inconsistent with our form of government. C. S., 970.

**2. Same: Criminal Law § 1b: Indictment § 22—**

An attempt to commit barratry is an offense in this State and a defendant may be convicted of an attempt to commit the offense upon an indictment charging the common law offense of barratry. C. S., 4640.

**3. Barratry § 2—**

An indictment charging that defendant is a common barrator and that he on specific dates and at other times willfully, unlawfully and intentionally stirred up and excited divers controversies and suits, is sufficient to charge the common law offense of barratry, and following paragraphs of the indictment each setting out a specific act of barratry as separate

"counts" merely designates the separate acts which taken collectively constitute the offense, and defendant's motion to quash on the ground that the indictment alleges as separate counts single acts of barratry, is untenable.

**4. Same—**

Evidence tending to show that defendant went unsolicited to numerous persons and urged them to institute separate suits under an agreement that defendant was to be paid from recoveries therein *is held* sufficient to be submitted to the jury upon the question of defendant's guilt of attempt to commit barratry.

**5. Criminal Law § 1b—**

The elements of an attempt to commit an offense is, first, an intent to commit the offense and second, a direct, ineffectual act done towards its commission.

**6. Barratry § 2: Criminal Law § 29b—**

Upon an indictment charging defendant with barratry in stirring up suits by particular persons named, evidence that defendant had urged others not named to enter suits in other cases is competent for the purpose of showing intent, motive and *scienter*.

**7. Criminal Law § 77d—**

The record imports verity and the Supreme Court is bound thereby.

**8. Criminal Law § 61a—**

The judgment in this case when read in the light of the record *is held* to clearly sentence the defendant upon the verdict of the jury and not upon defendant's admission that he had theretofore served time, and defendant's contention of ambiguity is untenable.

**9. Same: Criminal Law § 83—**

Even if a judgment is ambiguous, the defendant would be entitled only to have the case remanded for proper judgment and not to a dismissal of the action.

APPEAL by defendant from *Parker, J.,* at May Term, 1941, of NEW HANOVER.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*Herbert McClammy for defendant, appellant.*

SCHENCK, J. The defendant appeals from a conviction of and sentence for an attempt to commit barratry.

The crime of barratry seems to have had its origin in maritime law, but subsequently, "common barratry is the offense of frequently exciting and stirring up suits and quarrels between his majesty's subjects, either at law or otherwise." 4th Blackstone, p. 134. "Barratry, or as it is

designated, common barratry, is the crime or offense of frequently stirring up suits and quarrels between individuals, either at law or otherwise. . . . It is an offense at common law, . . . A barrator, or common barrator, is a common mover, exciter, or maintainer of suits and quarrels, either in courts of justice or elsewhere in the country." 9 C. J. S., p. 1546. "The term 'barratry' has been applied independently of statute to one soliciting a large number of claims of the same nature, and charging a fee for his services in connection with the claim contingent on the amount recovered." 10 Amer. Jur., Champerty and Maintenance, par. 3, p. 551.

"Persons who indulge in barratry are described in Blackstone, Vol. 4, p. 135, as 'these pests of civil society, that are perpetually endeavoring to disturb the repose of their neighbors and officiously interfering in other men's quarrels:' and barratry is elsewhere described as 'the trafficking and merchandising in quarrels; the huckstering in litigious discord.' Bouvier's Law. Dict., Rawle's 3d Ed." *McCloskey v. Tobin,* 252 U. S., 107, 64 Law Ed., 481.

Barratry is an offense at common law. 4th Blackstone, *supra;* 9 C. J. S., *supra;* 10 Amer. Jur., *supra.*

Barratry being a common law offense, and having never been the subject of legislation in North Carolina, and not being destructive nor repugnant to, nor inconsistent with, the form of government of the State, is in full force therein. C. S., 970; *S. v. Hampton,* 210 N. C., 283, 186 S. E., 251.

"The attempt to commit a crime is an indictable offense at common law." *S. v. Colvin,* 90 N. C., 717; Wharton's Criminal Law, Vol. 1 (12th Ed.), sec. 212, p. 281. "Whenever there is a criminal intent to commit a felony . . . and some act is done amounting to an attempt to accomplish the purpose without doing it, the perpetrator is indictable as for misdemeanor. Wharton's Criminal Law, sec. 2696." *S. v. Jordan,* 75 N. C., 27.

"Upon the trial of an indictment the prisoner may be convicted of the crime charged therein, or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime." C. S., 4640.

From the foregoing it appears that the defendant could be properly tried and convicted in North Carolina of the offense of an attempt to commit barratry upon an indictment charging the common law offense of barratry.

The defendant, however, assails the bill of indictment upon which he was convicted by motion to quash. The overruling of this motion is. made the subject of an exceptive assignment of error. The bill charges "that A. Story Batson, late of New Hanover County, is a common

barrator; that on or about the 26th day of July, 1939, and on other times and days during the years 1939 and 1940, and particularly on July 26, 1939; August 1, 1939; August 12, 1939; and December 23, 1939, in the County of New Hanover, the said A. Story Batson did willfully, unlawfully, and with a mean and selfish intent stir up and excite divers quarrels, strifes, suits, and controversies, among the honest and quiet citizens of this State; that the said A. Story Batson was and yet is a common barrator, stirring up, moving and procuring strifes, quarrels, suits and controversies among the people, to the common nuisance of all the people, all contrary to the common law and against the peace and dignity of the State; and that, in particular, the said defendant did commit the following specific acts of barratry:" then follow five paragraphs denominated Count I, Count II, Count III, Count IV, and Count V, in each of which counts it is charged that the defendant sought out a certain individual and urged the bringing of a suit by such individual and agreed that the consideration to be received by the defendant for assistance to be rendered in such suit would be paid from the collection made by virtue thereof.

What the defendant denominates in his brief as the "preamble" of the bill sufficiently charges the offense of barratry, and the "counts" which follow, while helpful as making the bill more specific, were by no means necessary. Each of these counts does not purport to charge in itself a separate offense, but simply to designate the separate acts of the defendant, which, taken collectively, constitute the offense of barratry. "The offense does not consist in being a barrator simply, but a common barrator, and there can be no conviction for a single offense. It is certain that at common law two acts are requisite, and probably as many as three. . . . It (indictment) need not, as a general rule, set forth the particular acts constituting the offense charged; and it has been held sufficient to merely charge accused generally as a common barrator, for the reason that the offense does not consist of the acts themselves but of the practice or habit of inciting trouble." 9 C. J. S., pp. 1547-8. We are of the opinion, and so hold, that the motion to quash was properly overruled.

The defendant also urges on his appeal the error assigned to the court's refusal to sustain his demurrer to the evidence, duly lodged under C. S., 4643. This assignment presents the question as to whether there is any evidence of the offense of an attempt to commit barratry.

In speaking of the subject of an attempt to commit a crime being a crime, *Hoke, J.,* writes: "It is said that an unlawful attempt is compounded of two elements: First, the intent to commit it, and, second, a direct, ineffectual act done toward its commission." *S. v. Addor,* 183 N. C., 687, 110 S. E., 650.

The intent to commit the crime of barratry is sufficiently evidenced by the testimony in this case given by the persons named in the bill which tends to show that the defendant went, unsolicited, to see each of these five persons named in the five respective "counts" in the indictment and urged each of them to institute separate suits, and offered to assist these persons in the conduct of such suits, and to receive his compensation from the collection made therein; together with the testimony of other witnesses to the effect that the defendant had urged them to enter suits in other cases, properly admitted for the purpose of showing intent, motive and *scienter, S. v. Smoak*, 213 N. C., 79, 195 S. E., 72, as well also as the letterhead used in the business of the defendant which reads, in part: "We specialize in Murder, Robbery, Divorce, Criminal, Civil, Commercial"; and especially the testimony of the witness Marshall, an attorney, which is, in part: "Mr. Batson stated in my presence and in the presence of Mr. W. A. Simon, Jr., that he had over a hundred cases then pending in the courts of Eastern North Carolina. Mr. Simon and I both expressed surprise at this and asked him the nature of the cases. Batson replied that they were mostly civil cases that he had investigated and had 'worked up.' We asked him what connection he had with these cases and he replied in effect as follows: 'Well, you lawyers know that it is not "nice" for lawyers to solicit business. When I hear of an accident I go to the injured parties and get their stories and shape it up, as I know what is required in such cases, and talk to them about the possibility of recovering some damages. Generally these folks do not know a lawyer and they ask me to recommend a good lawyer. Of course, I work along with the lawyers who work along with me and naturally I suggest to them the name of some lawyer that will co-operate with me. I then go to see the lawyer and get a contract of employment and the people sign it and then (go) in to see the lawyer. My contract is made with the lawyer and my fee is contingent upon recovery in the case.' "

This evidence is also sufficient to establish the overt acts done toward the commission of the crime of barratry, necessary to constitute the offense of an attempt to commit barratry, if the actual crime was not consummated.

We are of the opinion, and so hold, that the demurrer to the evidence was properly overruled.

We have examined the exceptive assignments of error relating to the court's rulings upon the admission of evidence and the charge to the jury and find no novel questions of law and no reversible or prejudicial error therein. While it may be unfortunate that the evidence is transcribed in a rather meager fashion and the charge is not given in full, owing, as stated in the record, to the court reporter being stricken seriously ill at the conclusion of the trial, still the rule with us is that

the record imports verity, and we are bound thereby, and *a fortiori* it appears that "This is the *agreed* statement of the above case on appeal to the Supreme Court of N. C."

The defendant assigns as error the judgment pronounced, which reads: "It appearing to the Court from the admission of A. S. Batson, the defendant, that he has heretofore served time, the judgment of the Court is that the defendant, A. S. Batson, be confined in the common jail of New Hanover County for a term of eight (8) months and assigned to work the roads under the direction of the State Highway and Public Works Commission."

The defendant contends that it is not clear whether the court sentenced the defendant to confinement because of an admission that he had served time, or for an attempt to commit barratry, and the sentence "carries an ambiguity," and entitles the defendant to a dismissal of the action. We do not concur in this contention. When the judgment is read in the light of the record we think it is clear that the defendant was sentenced upon a conviction of an attempt to commit barratry. Even if the judgment was ambiguous the most that the defendant could successfully ask would be to have the case remanded for proper judgment—and not for a dismissal of the action.

On the record we find

No error.