### STATE v. CLARENCE PARKER and EDWARD TART.

(Filed 11 October, 1944.)

**1. Criminal Law § 1b—**

An attempt to commit a crime is an indictable offense, and as a matter of form and on proper evidence, in this jurisdiction, a conviction may be sustained on a bill of indictment making the specific charge, or on one which charges a complete offense. G. S., 15-170.

**2. Same—**

An attempt is an overt act in part execution of a crime, which falls short of actual commission, but which goes beyond mere preparation to commit.

**3. Receiving Stolen Goods § 2—**

An unlawful attempt to feloniously receive stolen property, knowing it to have been stolen, is composed of two essential elements: (1) guilty knowledge at the time that the property had been stolen; and (2) the commission of some overt act with the intent to commit the major offense.

**4. Receiving Stolen Goods § 6—**

In a prosecution for larceny and receiving, where the State's evidence tended to show that strangers to defendants stole a barrel of molasses, hid it among some trees in a pasture, offered to sell it to defendants, who agreed to buy at a price considerably below the market and went in the nighttime to inspect and remove their purchase and were in the act of having it rolled out to their truck when the officer arrived, there is sufficient evidence to convict of an attempt to feloniously receive stolen

property, knowing it to have been stolen, and motion of nonsuit, G. S., 15-173, was properly refused.

APPEAL by defendants from *Johnson, Special Judge,* at April Term, 1944, of JOHNSTON. No error.

Criminal prosecution under a bill of indictment charging "larceny and receiving" of one barrel of molasses.

There was no evidence that these defendants stole the barrel of molasses described in the bill. The evidence offered was submitted to the jury on the second count and on the lesser offense of attempt to commit the felony charged. The jury returned the verdict "Guilty of an attempt to feloniously receive stolen property knowing that the same had been stolen." There was judgment on the verdict and defendants appealed.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*
*Claude C. Canaday for defendant, appellant, Clarence Parker.*
*J. R. Barefoot for defendant, appellant, Edward Tart.*

BARNHILL, J. An attempt to commit a crime is an indictable offense, and as a matter of form and on proper evidence, in this jurisdiction, a conviction may be sustained on a bill of indictment making the specific charge, or one which charges a completed offense. G. S., 15-170 (C. S., 4640); *S. v. Colvin,* 90 N. C., 718; *S. v. Addor,* 183 N. C., 687, 110 S. E., 650; *S. v. Carivey,* 190 N. C., 319, 129 S. E., 802; *S. v. Batson,* 220 N. C., 411, 17 S. E. (2d), 511. While this is conceded, defendants insist that their demurrers to the evidence under G. S., 15-173 (C. S., 4643) should have been sustained.

An unlawful attempt to feloniously receive stolen property, knowing it to have been stolen, is composed of two essential elements: (1) guilty knowledge at the time that the property had been stolen, *S. v. Spaulding,* 211 N. C., 63, 188 S. E., 647; *S. v. Morrison,* 207 N. C., 804, 178 S. E., 562; *S. v. Batson, supra;* and (2) the commission of some overt act with the intent to commit the major offense. *S. v. Addor, supra; S. v. Batson, supra.*

"In order to constitute an attempt, it is essential that the defendant, with the intent of committing the particular crime, should have done some overt act adapted to, approximating, and which in the ordinary and likely course of things would result in the commission thereof. Therefore, the act must reach far enough towards the accomplishment of the desired result to amount to the commencement of the consummation. It must not be merely preparatory. In other words, while it need not be the last proximate act to the consummation of the offense at-

tempted to be perpetrated, it must approach sufficiently near to it to stand either as the first or some subsequent step in a direct movement towards the commission of the offense after the preparations are made." 8 R. C. L., 279.

It is an overt act in part execution of a criminal design which falls short of actual commission but which goes beyond mere preparation to commit. *S. v. Addor, supra; S. v. Carivey, supra; S. v. Batson, supra.*

Consideration of the evidence offered in the light most favorable to the State leads us to the conclusion that there was evidence of each constituent element of the crime of which defendants were convicted, sufficient in probative force to sustain the finding and verdict of the jury.

Two young men, strangers to defendants, stole a barrel of molasses, carried it to the pasture of one McLamb, and concealed it in a bunch of gum trees inside the pasture, and covered it with hay and green limbs. They approached defendants who agreed to buy. They arranged to go in the nighttime to inspect or remove the molasses. When they got to or near the gate to the pasture, they turned off the automobile lights. Seeing McLamb coming down the road, they immediately left, drove around, and came back some time later. The larceners then proceeded to roll the barrel of molasses out from the place of concealment towards the pasture gate where the automobile had stopped when "Mr. Brad (the officer) sort of interferes a little bit and we takes off."

These circumstances are such as to charge defendants with notice that they were dealing with stolen property. They are sufficient to sustain the finding that they did know.

There is testimony in the record tending to show that defendants went to inspect the molasses preliminary to a decision to buy it. But there is also evidence that they had bought it at a price considerably below its market value and then in the nighttime went to the place of concealment and were in the act of having it rolled out to their truck. What is more natural than to assume from these circumstances that they were in the act of receiving the property when the officer arrived? All that prevented consummation was the hasty action of the officer. This was more than an act of mere preparation. It was an act that amounted to the commencement of the consummation, an act apparently adapted to produce the result intended. *S. v. Addor, supra.* Thereafter they attempted to get possession of the property, claiming it as their own.

The evidence was sufficient to support the finding that defendants, with the intent to feloniously receive stolen property, knowing it to have been stolen, made an attempt so to do within the meaning of the law.

The one other exception brought forward fails to disclose prejudicial error.

The verdict and judgment must be sustained.

No error.