State v. Lassiter and State v. Burgess

---

STATE OF NORTH CAROLINA v. EDWIN J. LASSITER AND STATE OF NORTH CAROLINA v. JAMES HENRY BURGESS

No. 701SC413

(Filed 5 August 1970)

1. Hunting § 3— hunting deer by artificial light — prosecution — sufficiency of warrants

Warrants charging that defendants unlawfully and wilfully attempted to take deer with the aid of an artificial light between the hours of sunset and sunrise in an area known to be inhabited and

State v. Lassiter and State v. Burgess

frequented by deer, *held* sufficient to charge the offense defined by G.S. 113-104; the words "in an area known to be inhabited and frequented by deer" are mere surplusage and may be disregarded.

2. **Hunting § 3; Indictment and Warrant § 13— hunting deer by artificial light — prosecution — bill of particulars**

In a prosecution charging defendants with the unlawful hunting of deer by artificial light, a violation of G.S. 113-104, it was incumbent upon the defendants to ask for a bill of particulars if they desired to know what area of the county the offense took place.

APPEAL by the State from *Hubbard, J.,* March 1970 Criminal Session, GATES Superior Court.

Separate warrants against defendants charged that on or about 29 November 1969 they "did unlawfully and wilfully attempt to take deer with the aid of an artificial light between the hours of sunset and sunrise in an area known to be inhabited and frequented by deer * * * in violation of law G.S. 113-104 and G.S. 113-109."

Defendants were convicted in district court and appealed to superior court. Before pleading to the warrants in superior court, defendants moved to quash the warrants. The motions were allowed and the State appealed pursuant to G.S. 15-179(3).

*Attorney General Robert Morgan by Staff Attorney Mrs. Christine Y. Denson for the State.*

*Jones, Jones & Jones by A. B. Harrington for defendant appellees.*

BRITT, J.

G.S. 113-104 provides in pertinent part that "[g]ame birds and game animals shall be taken only in the daytime, between sunrise and sunset * * *" and that "[n]o person shall take any game animals or game birds * * * by aid of or with the use of any jacklight, or other artificial light * * *." By G.S. 113-83, deer is defined as a "game animal." G.S. 113-109(a) provides penalties for violation of Chapter 113 "unless a greater penalty be prescribed for the specific act or acts."

G.S. 113-109(b) provides as follows:

"Any person who takes or attempts to take deer between sunset and sunrise with the aid of a spotlight or other artificial light on any highway or in any field, woodland, or forest, in violation of this article shall, upon conviction, be

fined not less than two hundred fifty dollars ($250.00) or imprisoned for not less than ninety days. In any locality or area which is frequented or inhabited by wild deer, the flashing or display of any artificial light from roadway or public or private driveway so that the beam thereof is visible for a distance of as much as fifty feet from such roadway or driveway, or the flashing or display of such artificial light at any place off such roadway or driveway, when either of such acts is accompanied by the possession of a firearm or a bow and arrow during the hours between sunset and sunrise, shall constitute *prima facie* evidence of a violation punishable under the provisions of the preceding sentence."

[1]  We think the warrants were sufficient to survive motions to quash and the trial judge erred in granting said motions. The warrants did not charge an offense under G.S. 113-109(b) because they did not allege that the acts complained of occurred on a highway or in a field, woodland, or forest. (See *State v. Gibbs,* 234 N.C. 259, 66 S.E. 2d 883.) But, under G.S. 113-104, the taking of deer between the hours of sunset and sunrise with the aid of an artificial light is unlawful and an attempt to commit a crime is an indictable offense. *State v. Parker,* 224 N.C. 524, 31 S.E. 2d 531. The words "in an area known to be inhabited and frequented by deer" set forth in the warrants are mere surplusage and may be disregarded.

[2]  The record discloses that the trial judge allowed the motions to quash for that the defendants "are entitled to know the area [in Gates County] in which they are charged with having attempted to take deer with the aid of an artificial light." We disagree with this conclusion. For the reasons stated, we think the warrants are sufficient in law. If defendants desire further information, it is incumbent on them to request bills of particulars. *State v. Everhardt,* 203 N.C. 610, 166 S.E. 738.

Reversed.

BROCK and HEDRICK, JJ., concur.