STATE OF NORTH CAROLINA v. LARRY ST. CLAIR

No. 7222SC724

(Filed 20 December 1972)

1. Receiving Stolen Goods § 2— sufficiency of indictment
    The indictment in this prosecution for feloniously receiving stolen property was sufficient in form.

2. Receiving Stolen Goods § 5— guilty knowledge — sufficiency of evidence
    In this prosecution for feloniously receiving stolen wire, the State's evidence was sufficient to support a finding that defendant knew when he received the wire that it had been stolen where it tended to show that defendant went to a farm for the wire thirty to forty-five minutes after he was called and advised by the thieves that they had "the wire," that this took place in the early morning hours when legitimate sales of such material do not normally occur, and that defendant then disposed of the wire in the early morning hours and shared in proceeds that were considerably less than the wire's actual value.

3. Receiving Stolen Goods § 6— instructions on guilty knowledge — "belief" that goods were stolen
    In this prosecution for feloniously receiving stolen goods, the trial court erred in instructing the jury that defendant had guilty knowledge if he knew "or believed" someone else had stolen the property.

State v. St. Clair

APPEAL by defendant from *Kivett, Judge,* 22 May 1972 Criminal Session of Superior Court held in IREDELL County.

Defendant was arraigned under a bill of indictment charging him with feloniously receiving specified quantities of barbed wire, valued at $1305.00, knowing that the property had been feloniously stolen.

Only the State offered evidence and its evidence tends to show the following: Between midnight and 2:00 a.m. in the latter part of July 1971, David Johnson and William Tucker stole two truckloads of barbed wire, valued in excess of $1300.00, from Robertsons Farm Store. They dumped the first load by the side of the road at William Tucker's farm. Johnson testified for the State and stated: ". . . [A]fter we got the loads, we called Larry St. Clair and told him we had the wire. We were down at Tucker's barn and we waited for St. Clair to show up. About 30 or 45 minutes after we called him, St. Clair showed up at Tucker's barn, talked with Tucker, took the barbed wire and left, and I waited at the house. Tucker and Larry St. Clair took the barbed wire. When they came back, Larry St. Clair had some money which was split three ways and I received right at $100.00. These were even splits but I did not see Tucker receive his money. Larry St. Clair gave me the money."

The jury returned a verdict of guilty and defendant appeals from judgment entered upon the verdict imposing an active prison sentence.

*Attorney General Morgan by Associate Attorney Ricks for the State.*

*McElwee & Hall and Collier, Harris & Homesley by John E. Hall for defendant appellant.*

GRAHAM, Judge.

[1] Defendant contends that the court erred in denying his motion to quash the bill of indictment for the reason that it is insufficient in form. The bill of indictment is modeled after the one that was challenged and found sufficient in *State v. Matthews,* 267 N.C. 244, 148 S.E. 2d 38. This assignment of error is overruled.

[2] Defendant also contends that the evidence was insufficient to show that he received the barbed wire, knowing that it had

been stolen. Possession of recently stolen property, without more, raises no presumption that the possessor received it with knowledge that it had been feloniously stolen, *State v. Hoskins,* 236 N.C. 412, 72 S.E. 2d 876; and whether the State presented sufficient evidence in this case of defendant's guilty knowledge is a close question. However, guilty knowledge may be inferred from incriminating circumstances, *State v. Miller,* 212 N.C. 361, 193 S.E. 388, and we are of the opinion that when the evidence here is considered in the light most favorable to the State, it will support a legitimate inference that defendant knew when he received the property that it had been stolen. The evidence tends to show that defendant went to William Tucker's farm for the wire within thirty to forty-five minutes from the time he was called and advised by the thieves that they had "the wire." This took place in early morning hours when legitimate sales of materials of this sort do not normally occur. Defendant then disposed of the wire, also in the early morning hours, and shared in proceeds that were considerably less than the wire's actual value. This evidence is quite similar to evidence found sufficient in the case of *State v. Hart,* 14 N.C. App. 120, 187 S.E. 2d 351, and we hold that it made out a case for the jury.

[3] Defendant challenges the court's instructions to the jury through various assignments of error, one of which must be sustained. The court instructed: "I charge you that if you find from the evidence and beyond a reasonable doubt that on or about July 26, 1971, the defendant Larry St. Clair with dishonest purpose received the property in question and that it was worth more than $200.00, which he knew *or believed* someone else had stolen, it would be your duty to return a verdict of guilty of feloniously receiving stolen goods. . . . " (Emphasis added.)

A similar instruction was found prejudicial in the case of *State v. Miller, supra.* In that case the court stated as follows:

" ' . . . [W]hen the circumstances under which the goods were received were sufficient to lead the party charged to believe they were stolen,' the jury may find that he received the goods 'knowing the same to have been feloniously stolen,' but it is not mandatory that the jury so find under such circumstances. *S. v. Spaulding,* 211 N.C., 63. 'To reasonably believe' and 'to know' are not interchangeable terms. While the latter may be implied or

inferred from circumstances establishing the former, it does not follow that reasonable belief and implied knowledge are synonymous. The State must establish that the defendant received the goods 'knowing the same to have been feloniously stolen or taken,' and this is not necessarily accomplished by establishing the existence of circumstances 'such as to cause the defendant to reasonably believe' the goods were stolen. Knowledge connotes a more certain and definite mental attitude than reasonable belief, and whether knowledge is implied from circumstances sufficient to establish reasonable belief is a question for the jury."

Defendant is entitled to a new trial for the error assigned, and it is so ordered.

New trial.

Judges HEDRICK and VAUGHN concur.