STATE OF NORTH CAROLINA v. FRED WILLIAM HOBBS

No. 7526SC281

(Filed 16 July 1975)

1. **Receiving Stolen Goods § 5— receiving stolen TV — sufficiency of evidence**

   In a prosecution for receiving stolen goods of a value of more than $200 knowing them to have been stolen, evidence was sufficient to be submitted to the jury where it tended to show that a witness asked to borrow defendant's truck to do some housebreaking, the witness and another later stole a TV worth between $400 and $500, and the two subsequently sold the stolen TV to defendant for $150.

2. **Receiving Stolen Goods § 6— instruction as to knowledge — error**

   In a prosecution for feloniously receiving stolen goods, the trial court committed reversible error in instructing the jury that they must find that defendant knew or believed the TV he received was stolen.

3. **Criminal Law § 150— defendant's right to appeal — delay — no prejudice**

   Although defendant's appeal was delayed, he was not deprived of his right to appeal where the Court of Appeals granted his petition for a writ of certiorari.

ON *writ of certiorari* to review proceedings before *Grist, Judge.* Judgment entered 29 September 1972 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 11 June 1975.

Defendant was charged with receiving stolen goods of a value of more than $200 knowing them to have been feloniously stolen, in violation of G.S. 14-71. Upon his plea of not guilty the jury returned a verdict of guilty as charged. From judgment sentencing him to imprisonment for a term of not less than four nor more than six years with Work Release recommended, defendant appealed.

The State presented Joseph Edward Sanders and William Harris who testified that Sanders borrowed the defendant's truck explaining that he was going to use it for housebreaking; that they stole a television from an apartment and that they sold the television to the defendant. Mrs. Cornelia Faye Martin testified that her television set was stolen and that its value was $400 to $500. The State also presented two police officers who testified that they saw the defendant standing on the load-

ing dock at his place of business with Sanders and Harris at about 8:00 p.m. on 9 February 1972.

The defendant presented his father who testified that he heard Sanders ask to borrow the defendant's truck to move. Several witnesses testified they were with the defendant on the evening of 9 February 1972 and that the defendant did not leave their company all evening.

Additional facts necessary for decision are set forth in the opinion.

*Attorney General Edmisten, by Assistant Attorney General Sidney S. Eagles, Jr., and Associate Attorney Thomas Lawrence Pollard, for the State.*

*Sanders, Walker & London, by Robert G. Sanders and Robert C. Stephens, for defendant appellant.*

MORRIS, Judge.

[1]    Defendant's first assignment of error relates to the denial of his motions for nonsuit at the close of the State's evidence and at the close of all the evidence.

> " 'By introducing testimony at the trial, defendant waived his right to except on appeal to the denial of his motion for nonsuit at the close of the State's evidence. His later exception to the denial of his motion for nonsuit at the close of *all* the evidence, however, draws into question the sufficiency of all the evidence to go to the jury. (Citations omitted.)' " *State v. Mull,* 24 N.C. App. 502, 504, 211 S.E. 2d 515 (1975), citing *State v. McWilliams,* 277 N.C. 680, 687, 178 S.E. 2d 476 (1971).

It is well settled in this State that upon motion to nonsuit, the evidence must be considered in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom, and nonsuit should be denied when there is sufficient evidence, direct, circumstantial, or both, from which the jury could find that the offense charged has been committed and that defendant committed it. *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469 (1968). Here there was evidence that the witness Sanders asked to borrow the defendant's truck "to do some housebreaking"; that Sanders and Harris later stole a television worth "between Four Hundred and Five Hun-

dred Dollars" from the home of Mrs. Martin and that they subsequently sold the stolen television to the defendant for "One Hundred Fifty Dollars." We conclude there was sufficient evidence to withstand the defendant's motion for nonsuit. This assignment of error is overruled.

[2] Defendant next contends that the trial court committed reversible error in the following portions of the instructions to the jury:

> "Now, I charge you that for you to find the defendant guilty of feloniously receiving stolen goods, the State must prove five things beyond a reasonable doubt: 1. That a Magnavox T.V. was stolen by someone other than the defendant; 2. That the defendant received that property; *3. That the defendant at the time he received that property knew or believed it was stolen.*" (Emphasis supplied.)

> "I charge you, Members of the Jury, that if you find from the evidence beyond a reasonable doubt that on or about February 9, 1972, Fred William Hobbs, with a dishonest purpose received by taking into his possession a Magnavox T.V. and paying $40.00 to the State's witness Sanders, with a promise of paying $110.00 more and the Magnavox T.V. was worth more than $200.00, *which he knew or believed someone else had stolen, . . .* " (Emphasis supplied.)

This assignment of error must be sustained. Similar instructions have been found to constitute prejudicial error in *State v. St. Clair,* 17 N.C. App. 22, 193 S.E. 2d 404 (1972), and *State v. Miller,* 212 N.C. 361, 193 S.E. 388 (1937). As was said in *State v. Miller, supra,* at pp. 362-363:

> " 'To reasonably believe' and 'to know' are not interchangeable terms. While the latter may be implied or inferred from circumstances establishing the former, it does not follow that reasonable belief and implied knowledge are synonymous. The State must establish that the defendant received the goods 'knowing the same to have been feloniously stolen or taken,' and this is not necessarily accomplished by establishing the existence of circumstances 'such as to cause the defendant to reasonably believe' the goods were stolen. Knowledge connotes a more certain and definite mental attitude than reasonable belief, and whether knowledge is implied from circumstances sufficient to establish reasonable belief is a question for the jury. 'Where

the defendant in a criminal action is charged with a statutory crime, it is incumbent on the State to satisfy the jury beyond a reasonable doubt, by the evidence, of all the facts which constitute the crime as defined by the statute.' *S. v. Folger*, 211 N.C., 695."

Defendant is entitled to a new trial for the error assigned.

[3]  Defendant next argues that he has been effectively denied his right to review because his attorney negligently delayed his appeal. We disagree. The record discloses that judgment was entered against the defendant on 29 September 1972 and defendant gave notice of appeal; that on 30 July 1974 the State moved to dismiss the appeal for the defendant's failure to perfect; and that the motion was allowed and a capias was issued for the arrest of the defendant, who had been free on bail pending the appeal. Subsequently the defendant moved for a stay of judgment, asserting that he had paid his attorney to carry through with his appeal, that he had repeatedly contacted his attorney and had been assured that everything was in order, and that he had started a business and was making a good living for his family. The judgment was stayed on 8 October 1974, and defendant applied to this Court for a writ of certiorari. Pursuant to an order from this Court, a hearing was held on 19 December 1974 as to why defendant's appeal had not been perfected. At that hearing, the defendant's trial attorney admitted that he had been guilty of inexcusable neglect, and the trial court took disciplinary action. Certiorari was then allowed and defendant has been represented by his present counsel for review of his trial. Although the defendant's appeal was delayed, we conclude that he has not been deprived of his right to appeal for the obvious reason that this right has been afforded the defendant by our granting his petition for writ of certiorari. Furthermore, defendant has failed to show that a delay in the appellate review of his case has prejudiced him in any way. This assignment of error is overruled.

In light of the fact that the defendant is entitled to a new trial for errors in the charge, his remaining assignments of error, which relate to allegedly improper comments made by the District Attorney in his argument to the jury, are of no import.

New trial.

Judges VAUGHN and CLARK concur.