## STATE v. JORDAN McNEILL.

Misdemeanors made punishable as at common law, or punishable by fine: or imprisonment, or both, can be punished by fine, or imprisonment in the county jail, or both: *Hence,* a general verdict of "guilty" upon an indictment containing three counts, to wit, one for an assault with a deadly weapon, with intent to kill; another for a similar assault, with intent to injure; and a third for a common assault and battery, will not, since the Act of 1870–'71, chap. 43, justify imprisonment in the penitentiary.

Fine and imprisonment at the discretion of the Court, does not confer the power to imprison in the penitentiary.

(*In re Schenck,* 74 N. C. Rep. 607, cited and approved )

INDICTMENT for an *Assault,* tried before BUXTON, J., at the. Spring Term, 1876, of MOORE Superior Court.

The facts necessary to an understanding of the case as decided, are stated in the opinion of the Court.

There was a verdict of "guilty," and judgment thereupon. The defendant appealed.

*Attorney General Hargrove* and *Pemberton,* for the State.
*Neill McKay,* for the prisoner.

BYNUM, J. This indictment contains three counts; the first is for an assault with a deadly weapon, with intent to kill; the second for an assault with a deadly weapon, with intent to injure; and the third is for a common assault and battery.

There was a general verdict of guilty, without the verdict specifying upon which count the finding was made. The question is, whether upon this verdict and for the offences charged in the indictment, the Court can sentence the defendant to imprisonment in the penitentiary. We think it cannot.

Sections 7 and 8, chap. 167 of the Acts of 1868-'9, prescrib-

ing the punishment for the offences set out in the first and second counts, are repealed by the Act of 1870-'71, chap. 43, sec. 1, and by the second section of the latter Act, it is enacted that "In all cases of assault, with or without intent to kill or injure, the person convicted shall be punished by fine or imprisonment, or both, at the discretion of the Court." So that now, all assaults of whatever character, are put upon the same footing and are subject to the same character of punishment. So it is not material to enquire whether the verdict should have been rendered upon any particular count. The question, then, is narrowed down to this : Do the terms " fine and imprisonment at the discretion of the Court," confer the power to imprison in the penitentiary ? We think not, clearly.

All punishments in this State, are now prescribed and regulated by statute, or when not so prescribed, are punishable as misdemeaners at common law ; *unless* the crimes are infamous or done in secrecy and malice, or done with deceit and intent to defraud ; *when* they may be punished as prescribed in sec. 29 of chap. 32, Bat. Rev., (see sec. 108,) that is, by imprisonment in the State's prison or county jail. The assaults charged in the indictment, not being infamous crimes, or done in secrecy and malice or with deceit and intent to defraud, cannot be punished in the State's prison, under section 108; and not having been punishable with whipping or other corporal punishment, prior to the adoption of the present Constitution, cannot be punished by imprisonment in the penitentiary under section 29, chap. 32 of Battle's Revisal; and finally, the penitentiary, being a modern device, unknown to the common law, punishment by imprisonment in the penitentiary, could not be imposed by the common law. The conclusion is, that misdemeanors, made punishable as at common law, or punishable by " fine or imprisonment or both" which is our case, can be punished only by fine or imprisonment in the county jail, one or both.

No other reasonable construction can be put upon sections 29, 108 and 111, chap. 32, Bat. Rev., collated and construed together.

In further illustration of this construction, it will be seen throughout chap. 32 on " Crimes and Punishments," that wherever imprisonment in the penitentiary is annexed as the punishment of the offence, the crime is either "infamous, or done in secrecy and malice, or done with deceit and intent to defraud." On the other hand, where the punishment prescribed " is fine or imprisonment," nowhere will it be found that the imprisonment is described to be in the State's prison or penitentiary. All offences, therefore, which are misdemeanors at common law or made such by statute, where no punishment is specified, or prescribed to be as at common law, or by fine or imprisonment, can be punished by imprisonment in the common jail only, unless the offences are infamous, done in secrecy and malice, &c., as prescribed in sections 108 and 29 as before cited. This rule covers our case. *In re Schenck,* 74 N. C., 607.

The exception taken to the admission of the previous declarations of the prosecutrix, was not pressed in this Court, and is not tenable. The witness was impeached in her cross examination, as having made contradictory statements about the occurrence, and her previous declarations consistent with her evidence, were admissible in corroboration. There is error. This will be certified to the end that the Court below may proceed to judgment according to law.

PER CURIAM.                    Judgment accordingly.