STATE v. REUBEN HAWKINS.

*Indictment--Overseer of Poor--Public Officer--Malfeasance in Office --Evidence.*

1. An Overseer of the Poor is a public officer and liable to indictment at common law for any neglect of his duties or abuse of his powers.

2. Where such officer is indicted for cruel treatment to paupers, and the indictment neither sets out the names of such paupers nor states that their names are unknown ; *Held*, that the indictment is defective, and judgment thereon should be arrested.

S Upon the trial of an indictment against a public officer for neglect or omission of duty, evidence of acts of positive misfeasance is inadmissible.

INDICTMENT agaist the defendant, as Overseer of the Poor, for cruel treatment to the paupers under his control, tried at Spring Term, 1877, of WILKES Superior Court, before *Schenck, J.*

There was a verdict of guilty, and the defendant moved in arrest of judgment upon the ground that the indictment was too vague and indefinite; in that, the names of the paupers alleged to have been maltreated did not appear. And it was insisted that the defendant was not an officer, and that the County Commissioners were the only officers criminally liable. The indictment is sufficiently set out in the opinion delivered by Mr. Justice RODMAN. His Honor in the Court below overruled the motion in arrest, and gave judgment that the defendant be imprisoned, four months in the County jail, from which the defendant appealed.

*Attorney General,* for the State.
No counsel for the defendant.

RODMAN J.   There can be no doubt that the defendant is a

public officer in the sense of being liable at common law for any neglect of his duties and for any abuse of his powers. His appointment is provided for by Bat. Rev. ch. 88, § 1.

The meanness of the crime with which a defendant is charged, does not deprive him of the right to have applied to his case, the rules which the common law has provided for the ascertainment of guilt and the protection of innocence. One of these rules is that the indictment shall describe the offence with reasonable certainty, so that the accused may be informed of what he is to meet and prepare himself to meet it. In the present case the charge is, that the defendant being overseer of the poor house of Wilkes County "did unlawfully, wilfully and knowingly neglect and permit the said paupers so committed to his charge and care, to go without adequate, wholesome and suitable provision for their care and comfort, whereby the health and welfare of the said paupers were greatly injured and destroyed, by failing to provide suitable food and clothing for the said paupers, by failing to give them suitable food when sick, and failing to provide suitable and comfortable places for them to sleep and repose, and permitting others under him in authority and in his employ to treat them harshly, cruelly and abusively."

This indictment is defective and uncertain, in not giving the names of the paupers to whom the defendant neglected to give suitable food, &c., or in not stating that their names were unknown. It is always necessary to name the person injured or to state a reason for not doing so. The precedents all run that way. Upon this ground we feel bound to arrest the judgment.

It may be observed also, that whereas the indictment charges merely neglect and omission of duty, the State was allowed to give in evidence, acts of positive misfeasance—such as the beating of an insane pauper woman. This was improper and calculated to prejudice the jury against the

accused. If intended to be used, it should have been averred in the bill, so that the accused might come prepared to answer it. As there must be a new trial, we call the attention of the Solicitor to a *possible* defect in the indictment, although no point was made upon it either in the Court below or in this Court, and we express no opinion as to whether it is a material defect or not:—The offence charged is a failure to provide suitable food, &c. Clearly it is not the duty of an overseer of the poor house to provide the inmates with food, &c, unless he has been provided with it by the County Commissioners, or would have been so provided on application to them. Whether it is necessary to aver that he was or might have been provided, it will be for the Solicitor to consider.

Judgment arrested. Let this opinion be certified.

PER CURIAM.                          Judgment arrested.