THE STATE, DEFENDANT IN ERROR, v. FRANK H. CARNEY, PLAINTIFF IN ERROR.

Submitted March 18, 1903—Decided June 8, 1903.

Attempt at suicide is an indictable offence in this state.

---

On error to the Essex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, HENDRICKSON and PITNEY.

For the plaintiff in error, *Hampson & Parry.*

For the defendant in error, *Chandler W. Riker* and *Louis Hood.*

The opinion of the court was delivered by

FORT, J. The plaintiff in error was convicted in the Essex County Quarter Sessions upon an indictment alleging that he "did unlawfully administer and cause to be taken by himself

into his stomach a deadly quantity of a certain deadly poison, called turpeth mineral, with intent himself then and there feloniously and of his malice aforethought to kill and murder," &c. .

There is but one question in this case. Is it a crime to attempt suicide in this state?

Section 215 of "An act for the punishment of crimes" (Revision of 1898), approved June 14th, 1898 (*Pamph. L., p.* 854), enacts as follows:

"215. Assaults, batteries, false imprisonments, affrays, riots, routs, unlawful assemblies, nuisances, cheats, deceits and all other offences of an indictable nature at common law, and not provided for in or by this or some other act of the legislature, shall be misdemeanors and be punished accordingly."

It will thus be seen, as there is no independent enactment making attempt at suicide a crime, that whether it is a crime in this state will depend upon whether or not it was a crime at common law.

Mr. Bishop, in his "New Criminal Law" (2 *Bish. Cr. L.,* § 1187), asks and answers the question thus: "If one attempts to commit self-murder and fails, is he indictable for a misdemeanor, as though the attempt were on a third person? There would seem to be no ground for distinguishing the two cases or distinguishing the common law of England and of our states on this question. And by the common law as administered in England this is an indictable misdemeanor."

Self-murder, like any other murder, was a common law felony. 1 *Hale P. C.* 411; 1 *East P. C.* 219. *Rex* v. *Russell,* 1 *Moo. C. C.* 356; 1 *Bish. "New Crim. L.,"* § 511.

Attempt at suicide was an indictable offence at common law. *Regina* v. *Doody,* 6 *Cox C. C.* 463; *Regina* v. *Burgess,* 9 *Id.* 247.

It is contended in the brief of the plaintiff in error that the cases just cited to sustain the statement that an attempt at suicide was criminal at common law were decided long after this country adopted the common law of England, and

that by our first constitution it was the common law of England as it then existed and not as declared by subsequent decisions, which became the common law of this state. Conceding this position to be correct, that does not affect the force of these decisions.

They hold that it has always been the common law of England that one guilty of suicide, or attempt at suicide, was *felo de se*.

That suicide was a felony at common law and that attempts at suicide were likewise criminal is clearly stated, and the authorities fully reviewed by the Supreme Court of Massachusetts. *Commonwealth* v. *Mink*, 123 *Mass.* 422.

In Massachusetts attempts at suicide are not punishable, or were not in 1870, but the fact that such attempts were criminal at common law is affirmed, and the fact that they are not indictable in that commonwealth is placed squarely on the ground that the common law offence has been repealed, by implication, by their statute. *Commonwealth* v. *Dennis*, 105 *Mass.* 162.

The reverse is the case in this state.

Our statute, *supra*, makes all offences of an indictable nature at common law, and not otherwise provided for by act of the legislature, misdemeanors.

Attempt at self-murder is a misdemeanor in this state.

In reaching this result we have not overlooked the *dictum* of Mr. Justice Collins in *Campbell* v. *Supreme Conclave Heptasophs*, 37 *Vroom* 274, wherein he says that since 1776 neither suicide or attempts to commit suicide are criminal in this state. It will be noticed that the learned justice does not cite or refer to section 215 of our own Crimes act above quoted.

That the forfeiture of estates for crimes against the state was abolished by the first constitution of 1776, and is still abolished, does not affect the criminal character of the offences to which the non-forfeiture applies.

Suicide is none the less criminal because no punishment can be inflicted. It may not be indictable, because the dead cannot be indicted. If one kills another and then kills him—

self, is he any less a murderer because he cannot be punished? If our statute were like that of Massachusetts, which provided that the punishment for attempts should only be one-half the penalty inflicted for the offence, then it might be said here, as there, that as there was no punishment for suicide there could be no indictment for an attempt unless the legislature had provided punishment for it. But our statute makes it a misdemeanor because a common law offence, and expressly provides the penalty for it as for other misdemeanors, hence the reasoning in *Commonwealth* v. *Dennis, supra,* goes to uphold the indictment in this case rather than to overthrow it.

The judgment of the Essex County Quarter Sessions is affirmed.