CLARA HUNDERT, Individually and as Guardian ad Litem of IRWIN HUNDERT and Another, Respondent, *v.* THE COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Appellant.

First Department, May 10, 1935.

*Henry C. Moses* of counsel [*Charles J. Nehrbas* with him on the brief; *Moses, Nehrbas & Tyler,* attorneys], for the appellant.

*Louis H. Solomon,* for the respondent.

PER CURIAM. The finding of the jury that the insured's death was caused by accident rather than suicide was against the weight of the evidence. A new trial must, therefore, be ordered.

We deem it advisable to direct attention to an error in the charge relating to a vital issue in the case. In charging upon the presumption in favor of accidental, rather than suicidal death, the court said: " Assuming a case where there was no explanation of how a man met his death, the man was just found dead and no explanation of any kind made available, in that case there would be a presumption that his death was accidental rather than suicidal. Or in a case where all the facts and circumstances are such that the theory of accidental death is just as consistent with those facts and circumstances as the theory of suicide, then again there would be a presumption in the law that the death was accidental rather than suicidal, and the reason for that is that suicide is a crime involving moral turpitude and the law presumes that a man who is dead has not committed a crime in order to accomplish what the law says was probably accomplished by accidental means."

It is to be noted that suicide, although recognized as a grave public wrong, is not a crime. (See Penal Law, § 2301.)

It follows, therefore, that the judgment should be reversed and a new trial granted with costs to the appellant to abide the event.

Present — MARTIN, P. J., MERRELL, McAVOY, O'MALLEY and UNTERMYER, JJ.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.