STATE OF NORTH CAROLINA v. H. L. LACKEY AND AL WHITE.

(Filed 24 July, 1967.)

**1. Assault and Battery § 11—**

Allegations in an indictment that a named defendant, a highway patrolman, and another named defendant, a municipal police officer, did assault and beat a named victim, one by beating the victim with his fists while the other defendant threatened to shoot the victim if the victim resisted the unlawful beating, are sufficient to charge both defendants with criminal assault.

**2. Indictment and Warrant § 15—**

A motion to quash addressed to the indictment in its entirety is properly overruled if the entire indictment, disregarding irrelevant or defective matter, sufficiently charges a criminal offense.

**3. Common Law—**

The common law of England which is not repugnant to, or inconsistent with, the freedom and independence of this State, and not abrogated or repealed by statute, or become obsolete, is in force in this State. G.S. 4-1.

**4. Indictment and Warrant § 9—**

An indictment charging a common law offense must set forth all essential factual elements necessary to identify and to constitute such offense.

**5. Public Officers § 11— Indictment held insufficient to charge offense of official oppression.**

An indispensable element of the common law crime of official oppression is that the acts constituting the alleged offense must be committed by a public officer in the exercise or under color of exercising the duties of his office, and therefore allegations that a highway patrolman and a municipal police officer under pretense of acting in their official capacity, but acting

for their own selfish and vindictive motives, criminally assaulted a citizen upon private premises, but without allegation that defendants were attempting to arrest the citizen or that either defendant was on duty at the time of the alleged occurrence, or even in uniform, is fatally defective in failing to allege facts showing that the assault was committed in the exercise or under color of the duties of their offices.

APPEAL by the State of North Carolina from *Martin, Special Judge,* December 1966 Criminal Session of BUNCOMBE.

At said December 1966 Criminal Session, the grand jury returned as a true bill an indictment in words and figures as follows:

"The Jurors for the State upon their oath present, That H. L. Lackey, a North Carolina State Highway Patrolman, and Al White, a Black Mountain, North Carolina, Police Officer, late of the County of Buncombe, on the 24th day of November, in the year of our Lord one thousand nine hundred and 66, with force and arms, at and in the County aforesaid, did unlawfully, willfully and maliciously, while under pretense of acting in their respective official capacities, to wit: H. L. Lackey being at the time a North Carolina State Highway Patrolman, and Al White being at the time a police officer for the town of Black Mountain, North Carolina, and without first having obtained a warrant of arrest for Thomas V. Stepp and without having placed said Thomas V. Stepp under arrest, did curse, assault, beat, wound and oppress said Thomas V. Stepp by the said Lackey beating Stepp with his fists and hands while simultaneously said White threatening to shoot Stepp with a pistol he was carrying if Stepp resisted said unlawful beating and oppression; all the while, said Lackey and White acting in and for their own selfish interests and vindictive reasons; said unlawful acts being committed over a period of several hours and after each had been requested to leave the private premises they were upon, subjecting said Stepp to their domination and to cruel and unjust hardship and to official oppression, against the form of the statute in such case made and provided and against the peace and dignity of the State."

Each defendant, prior to pleading thereto, moved, through his separate counsel, to quash said bill of indictment; and the court, being of the opinion the bill failed "to charge a criminal offense under the law of North Carolina," allowed each motion and quashed the bill; and, as to each defendant, dismissed the action.

The State excepted and appealed.

*Attorney General Bruton and Staff Attorney Partin for the State.*
*Riddle & Briggs for defendant appellee H. L. Lackey.*

*Harold K. Bennett and E. Glenn Kelly for defendant appellee Al White.*

Bobbitt, J.  The allegations that defendants "unlawfully, willfully and maliciously" did assault, beat and wound Thomas V. Stepp "by the said Lackey beating Stepp with his fists and hands while simultaneously said White (was) threatening to shoot Stepp with a pistol he was carrying if Stepp resisted said unlawful beating," sufficiently charge each defendant with an assault, a criminal offense under the laws of North Carolina.  For this reason, the motions to quash, which are addressed to the indictment in its entirety, should have been overruled.

The applicable rule has been stated as follows: "A motion to quash the entire indictment or information ordinarily will be overruled where, after the defective matter is rejected, it contains a valid and sufficient charge or one good count." 42 C.J.S., Indictments and Informations § 213.

The briefs are devoted largely to a discussion of the common law crime bearing the generic name of "official oppression" and to the extent, if any, the law with reference thereto has been superseded by statute.

In 10 Halsbury's Laws of England (3d ed.), Criminal Law, p. 615, it is stated: "Any public officer is guilty of oppression if while exercising, or under colour of exercising, his office he inflicts upon any person from an improper motive any illegal bodily harm, imprisonment, or any injury other than extortion.  Oppression is a misdemeanor at common law."

In 2 Wharton's Criminal Law § 1898 (12th ed.), it is stated: "It is a misdemeanor at common law for a public officer, in the exercise or under color of exercising the duties of his office, to abuse any discretionary power with which he is invested by law, from an improper motive. In such cases the existence of the motive may be inferred either from the nature of the act or from the circumstances of the whole case."

See, also: Miller on Criminal Law § 162(c) ; 1 Burdick, Law of Crime § 281; Annot., "What constitutes offense of official oppression," 83 A.L.R. 2d 1007.

G.S. 4-1, a statutory provision in effect since its enactment in 1715, provides: "All such parts of the common law as were heretofore in force and use within this State, or so much of the common law as is not destructive of, or repugnant to, or inconsistent with, the freedom and independence of this State and the form of government therein established, and which has not been otherwise provided for in whole or in part, not abrogated, repealed, or become obsolete, are hereby declared to be in full force within this State." The term, "common law," as used in G.S. 4-1, refers to the common law of England. *State v. Willis,* 255 N.C. 473, 121 S.E. 2d 854.

In *State v. Glasgow*, 1 N.C. 264 (1800), the defendant, Secretary of State of North Carolina, was charged with the issuance of a duplicate land warrant, wickedly, fraudulently and in violation of the duties of his said office. It was held the facts alleged constituted an indictable offense at common law.

In *State v. Hawkins*, 77 N.C. 494, the Court, in opinion by Rodman, J., states: "There can be no doubt that the defendant is a public officer in the sense of being liable at common law for any neglect of his duties, and for any abuse of his powers." The defendant, an overseer of a poorhouse, was charged with wilful failure to provide suitably for the paupers committed to his custody and care. Judgment was arrested on the ground the indictment did not allege facts sufficient to constitute an indictable offense.

In *State v. Snuggs*, 85 N.C. 541, the defendant, a register of deeds, was indicted for issuing a marriage license in violation of a designated statute. This Court held the indictment was properly quashed on the ground the statute that created the offense prescribed a method of enforcement other than by indictment. Although unnecessary to decision, the opinion of Ruffin, J., states: "(W)e have not the least doubt that any officer who perverts his authority and uses it for the sake of oppression or fraudulent gain or any other wicked motive is guilty of an offense highly criminal in its nature and punishable by indictment, and this whether he is expected to take an oath of office or not, or whether there be any statute so declaring or not. It was so held in this State at a very early day in the case of *S. v. Glasgow*, 1 N.C. 264, and seems never to have been doubted since."

In 83 A.L.R. 2d 1008, it is stated: "There is no exact common-law definition of official oppression and the possible acts which may constitute the crime are as many and varied as the forms of corruption that may exist in public office." Hence, it would be futile to attempt to mark the extent, if any, the common law crime of official oppression has been modified or superseded by G.S. 14-230, a statutory provision discussed in detail by Denny, C.J., in *State v. Hord*, 264 N.C. 149, 141 S.E. 2d 241.

An indictment must charge all essential elements of the alleged criminal offense. *State v. Sossamon*, 259 N.C. 374, 130 S.E. 2d 638. With reference to statutory offenses, an indictment following substantially the language of the statute is sufficient if and when it thereby charges the essentials of the offense "in a plain, intelligible, and explicit manner." G.S. 15-153; *State v. Eason*, 242 N.C. 59, 86 S.E. 2d 774. However, if the statutory words fail to do this, they "must be supplemented by other allegations which so plainly, intelligibly and explicitly set forth every essential element of the of-

fense as to leave no doubt in the mind of the accused and the court as to the offense intended to be charged." *State v. Cox,* 244 N.C. 57, 60, 92 S.E. 2d 413, 415. It is equally true that an indictment for the common law crime of official oppression must set forth all essential factual elements necessary to identify and to constitute the crime of official oppression.

In 67 C.J.S., Officers § 134b, it is stated: "In criminal proceedings against officers, an indictment, information, or affidavit must set forth with clearness the particular facts constituting the illegality and allege a violation of official duty or the commission of an official crime, and should charge the offense in ordinary and concise language in such manner and with such certainty as to give the officer notice of the particular offense with which he is charged." In this connection, see *State v. Hawkins, supra,* and *State v. Anderson,* 196 N.C. 771, 147 S.E. 305.

In the definitions of the common law crime of official oppression set forth above, one indispensable element is that the acts alleged to constitute official oppression be committed by a public officer "in the exercise or under color of exercising the duties of his office." The indictment now under consideration alleges: Defendant Lackey is a State Highway Patrolman. Defendant White is a Police Officer of Black Mountain. The alleged unlawful acts (assaults) were committed over a period of several hours after each had been requested "to leave the private premises they were upon." What private premises? Whose private premises? What was in progress on the private premises during this "period of several hours?" It is not alleged that they attempted to arrest Stepp either with or without a warrant. Although it is alleged *generally* that defendants' conduct was "under pretense of acting in their respective official capacities," it is also alleged that "all the while, said Lackey and White (were) acting in and for their own selfish interests and vindictive reasons." It is not alleged that either of the defendants was on duty at the time of the alleged occurrences, indefinite as to time and place, nor is it alleged that either of the defendants was in uniform. We need not consider whether the indictment in other respects sufficiently charges the common law crime of official oppression. It is sufficient to say that it is fatally defective in that it fails to set forth facts sufficient to show what official duty, if any, either defendant was exercising or purporting to exercise on the occasion of the alleged assaults on Stepp. Indeed, it may be reasonably inferred from the facts alleged that defendants were acting *on their own,* "in and for their own selfish interests and vindictive reasons," and not while exercising or purporting to exercise any official duty.

Although the indictment is considered fatally defective with

reference to the common law crime of official oppression, it sufficiently charges defendants with assault. Accordingly, the court erred in granting the motion to quash. Further prosecution on this bill of indictment must be limited to the criminal offense of assault.

Reversed.