Kenneth W. DUDLEY, Appellant,

v.

Virgil K. STONEMAN and Alcohol Beverage Control Commission, Appellees.

No. 81–1020.

United States Court of Appeals, Fourth Circuit.

Submitted June 5, 1981.

Decided July 10, 1981.

Fergus B. Norton, Roanoke, Va., appellant.

David A. Melesco, Melesco & Dillon, Roanoke, Va., appellees.

Before WINTER, Chief Judge, BRYAN, Senior Circuit Judge, and WIDENER, Circuit Judge.

PER CURIAM.

The Virginia Alcoholic Beverage Control Commission discharged the appellant, Kenneth W. Dudley, an investigator for the Commission, for falsifying a report. Charging deprivation of his constitutional rights, Dudley sued the Commission and his supervisor, Virgil K. Stoneman, under 42 U.S.C. § 1983.

Dudley does not deny that he falsified a report. He alleges that his handling of the incident with which the report was concerned and his falsification of the report were in accord with the directions of Stoneman. The gist of the argument on appeal is that Dudley was denied equal protection of the laws when the Commission imposed a more severe sanction upon him than it imposed upon a fellow investigator who also falsified a report concerning the same incident. In contrast to Dudley's dismissal, his colleague received a five-day suspension. He alleges that Stoneman recommended that he be discharged after promising to recommend that his employment be continued. He also alleges that Stoneman assured him that he would receive punishment equal to that of his fellow investigator.

The district court dismissed the suit against the Commission, finding the Commission to be immune under the Eleventh Amendment. This holding is not appealed.

The suit against Stoneman was dismissed for two reasons. First, the district court found that Dudley's "discharge was 'too remote a consequence' of defendant Stoneman's actions to hold him responsible under the federal civil rights law," relying upon *Martinez v. California*, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980). Second, the district court was of opinion "the policies of § 1983 are not advanced in a suit by a former law enforcement officer who has admittedly falsified reports and seeks to avoid the consequences of his actions by wrapping himself in the claim of superior orders."

We need not pass on the district court's first reason for dismissing the suit against Stoneman under *Martinez*, for the second ground is sufficient to uphold its judgment. In the same vein as the district court's second reason, we think that, because Dudley was admittedly *in pari delicto* with Stoneman, he may not recover under § 1983. Under Virginia law, "... participation in an immoral or unlawful act by plaintiff precludes recovery for injuries sustained as a result of that act...." *Miller v. Bennett*, 190 Va. 162, 56 S.E.2d 217 (1949). The Supreme Court has similarly held in *McMullen v. Hoffman*, 174 U.S. 639, 19 S.Ct. 839, 43 L.Ed. 1117 (1899); *The Florida*, 101 U.S. 37, 25 L.Ed. 898 (1880); and other cases. "No court will lend its aid to a party who founds his claim for redress upon an illegal act." 101 U.S. at 43.

The judgment of the district court is accordingly

*AFFIRMED.*