Willie C. HILL, Plaintiff,

v.

Albert M. NICODEMUS, et al., Defendants.

Civ. A. No. 89–0077–H.

United States District Court,
W.D. Virginia,
Harrisonburg Division.

Feb. 5, 1991.

---

Nina J. Ginsberg, Dimuro, Ginsberg & Lieberman, Alexandria, Va., for plaintiff.

J. Ross Newell, III, Timberlake, Smith, Thomas & Moses, P.C., Staunton, Va., Thomas J. Czelusta, Sr. Asst. Atty. Gen., Richmond, Va., for defendants.

## MEMORANDUM OPINION

MICHAEL, District Judge.

This action is currently before the court on the Defendant's Motion for Partial Summary Judgment Based Upon the Decedent's Wrongful Act, the plaintiff having predicated this pendent claim portion of the complaint on Virginia's version of Lord Campbell's Act. By this motion, the defendants ask the court to dismiss these state law wrongful death claims against them because the plaintiff's decedent participated in an unlawful and immoral act by committing suicide, and thus the plaintiff may not recover for her wrongful death under applicable state law.

In Virginia, the legislature can abrogate the common law by statute, and its intent to do so must be clear. *Hyman v. Glover*, 232 Va. 140, 143, 348 S.E.2d 269 (1986). Absent such abrogation, however, the common law remains in full force and effect, § 1–10, Code of Virginia of 1950 as amended, *see Byrd v. Gate Petroleum Co.*, 845 F.2d 86 (4th Cir.1988), and at common law suicide was a criminal act. 4 W. Blackstone, Commentaries 189, 190. The only provision in the Virginia code which addresses suicide as a criminal act is section 55–4, which states, "No suicide, nor attainder of felony, shall work a corruption of blood or forfeiture of estate." Va.Code § 55–4 (1986 Repl.Vol.). That the legislature affirmatively rescinded the punishment for suicide without decriminalizing the act confirms to the court that, although the state cannot punish a suicide in the respects indicated, it in fact remains a common law crime. *See State v. Willis*, 255 N.C. 473, 121 S.E.2d 854 (1961) (The fact that suicide may not be punished in the state does not change the criminal character of the act.). The defendants' contention that suicide is immoral is based on the Virginia Supreme Court's indication that the act of taking one's own life is "subversive of sound morality." *Plunkett v. Supreme Conclave*, 106 Va. 633, 649–50, 55 S.E. 9 (1906).

As the Supreme Court of Virginia recently stated in *Zysk v. Zysk*, 239 Va. 32, 34–35, 387 S.E.2d 466 (1990):

Virginia follows the general rule that "a party who consents to and participates in an immoral or illegal act cannot recover damages from other participants for the consequence of that act." *Miller v. Bennett*, 190 Va. 162, 164–65, 56 S.E.2d 217, 218 (1949) (wrongful death action against abortionist held barred when plaintiff's decedent consented to abortion, or attempted abortion, performed in violation of Virginia's then general anti-abortion criminal statute). The foregoing principle applies to all civil actions, whether in tort or in contract.... The rule mainly is premised on the idea that courts will not assist the participant in an illegal act who seeks to profit from the act's commission. 190 Va. at 165, 56 S.E.2d at 218–19.

... [T]he plaintiff's claim against the defendant clearly is barred by settled Virginia law. The very illegal act to which the plaintiff consented and in which she participated produced the injuries and damages of which she complains.

... Contrary to plaintiff's contention, the principle is not an assumption-of-the-risk concept which, in certain cases, would allow a plaintiff to recover if she did not have knowledge of and fully appreciate a danger to which she had exposed herself. *See, e.g., Amusement Slides Corp. v. Lehmann*, 217 Va. 815, 232 S.E.2d 803 (1977).

The federal courts have also acknowledged the Virginia law espoused in *Miller*, holding that a plaintiff could not recover when the plaintiff's alleged injuries arose from his actions which violated Virginia law. *Dudley v. Stoneman*, 653 F.2d 125 (4th Cir.1981) (plaintiff could not recover on his equal protection claim brought under 42 U.S.C. § 1983); *Suddarth v. Slane*, 539 F.Supp. 612 (W.D.Va.1982) (plaintiff's illegal acts prevented him from successfully alleging a claim under 42 U.S.C. § 1983).

■ Plaintiff concedes that a decedent's willful participation in an immoral or illegal act may bar recovery by her personal representative. However, he asserts that in this case, the decedent's suicide was not willful and voluntary, and it was caused or affected by conditions under the defendants' control. This court has difficulty acknowledging that suicide can be an involuntary act. Even so, that the decedent did not have a full appreciation of the injury she would incur from her actions is of no consequence in light of the Virginia Supreme Court's statement in *Zysk* that a plaintiff could not recover even if she did not "have knowledge of and fully appreciate [the] danger to which she had exposed herself." *Zysk*, 239 Va. at 35, 387 S.E.2d 466.

The court finds that under Virginia law a plaintiff's participation in an immoral or unlawful act precludes recovery for injuries incurred as a result of that act, and consequently a decedent's participation in such an act bars recovery for wrongful death by her personal representative. Accordingly, the state wrongful death claim shall be dismissed.

An appropriate Order shall this day issue.

## ORDER

For the reasons stated in open court on January 4, 1991, it is hereby

### ADJUDGED AND ORDERED

as follows:

(1) The Defendant's Motion for Partial Summary Judgment Based Upon the Plaintiff's Lack of a Cause of Action is GRANTED. Accordingly, Count I of the Plaintiff's Complaint shall be, and it hereby is, dismissed with prejudice;

(2) The standard of care to be applied in this action is the deliberate indifference standard under the eighth amendment to the Constitution;

(3) The court defers ruling on the Defendant's Motion for Partial Summary Judgment Based Upon Immunity;

(4) The Defendant's Motion in Limine regarding certain exhibits of the Plaintiff is OVERRULED.

(5) The Plaintiff's Motion to Preclude the Defendants' use of experts is OVERRULED.

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

### ADJUDGED AND ORDERED

that the Defendant's Motion for Partial Summary Judgment Based Upon the Decedent's Wrongful Act shall be, and it hereby is, GRANTED.

The court finds that the plaintiff has alleged, and the record as it now stands adequately reflects, acts by the defendants which could support a finding greater than mere negligence. Consequently, the Defendants' Motion for Partial Summary Judgment Based Upon Immunity shall be, and it hereby is, OVERRULED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.