## CIRCUIT COURT OF PRINCE WILLIAM COUNTY

Marie Wackwitz, etc.

v.

Julia A. Roy, etc., et al.

April 16, 1991

Case No. (Law) 24613

By JUDGE FRANK A. HOSS, JR.

This action arises out of a motion for judgment filed by the plaintiff, Mrs. Wackwitz, both individually and as personal representative of her husband's estate, for the alleged wrongful death of the plaintiff's husband. The action is premised on the alleged medical malpractice of the defendants, Dr. Roy and Potomac Hospital. The defendants have filed motions to dismiss based upon two theories: first, that Mrs. Wackwitz did not give proper notice of her individual claim pursuant to the Medical Malpractice Act, Virginia Code §§ 8.01-581.1, et seq., and that she has no individual cause of action under Virginia law; and second, that the decedent's suicide precludes recovery for wrongful death by the estate.

### Mrs. Wackwitz's Claim

On May 21, 1985, the estate of Bryon Wackwitz filed its notice of claim of medical malpractice pursuant to

58

Section 8.01-581.2. This notice provision states that "[N]o action may be brought for malpractice against a health care provider unless the claimant notified the health care provider in writing by registered or certified mail prior to commencing the action." The notice sent to Dr. Roy and Potomac Hospital was only on behalf of the estate of Mr. Wackwitz. There was no such notice sent on behalf of Mrs. Wackwitz, nor did the letter sent by the estate give the defendants any notice that Mrs. Wackwitz may be a potential claimant.

It is true, as plaintiff contends, that the notice need not be "a bill of particulars or a formal pleading." The purpose of the notice is "simply to call the defendant's attention to the identity of the patient, the time of the alleged malpractice, and a description of the alleged acts of malpractice sufficient to enable the defendant to identify the case to which the plaintiff is referring." *Hudson v. Surgical Specialists, Inc.*, 239 Va. 101, 106 (1990). The notice sent by Mr. Wackwitz's estate did just that, but only as to the estate. Thus, as the purpose of the notice is to "apprise a health care provider of the nature of a claim and to trigger a review of the claim by a medical malpractice review panel, if requested . . ." *Cowan v. Psychiatric Associates, Ltd.*, 239 Va. 59, 62 (1990), Mrs. Wackwitz did not comply with the requirement as the health care providers were never noticed that she individually may have had a potential claim. Furthermore, the fact that a claim by Mrs. Wackwitz was not before the medical malpractice review panel, which convened in April of 1989, makes it clear that she did not fulfill the notice requirement of § 8.01-581.2.

The defendants are also arguing that Mrs. Wackwitz does not have an individual cause of action for wrongful death against the health care providers irrespective of the failure to give notice. This argument also has merit. This is because the right of action is vested in the personal representative of the decedent. The right of action in a wrongful death case is "not a right to enforce a cause personal to the personal representative. As the party-plaintiff, [Mrs. Wackwitz] is merely a surrogate for the beneficiaries" of the decedent. *Horn v. Abernathy*, 231 Va. 228, 237 (1986).

Therefore, for the reason that Mrs. Wackwitz has failed to give the requisite notice of claim and because she does not have a personal cause of action for wrongful death, the motion for judgment must be dismissed as to her. It should also be noted here that while Mrs. Wackwitz was named an individual plaintiff, there are no facts pleaded in the motion for judgment which set forth a cause of action for her. Thus, even if Mrs. Wackwitz did have a cause of action, it is not yet before this court.

### Suicide by Mr. Wackwitz

The defendants further argue that the suicide by Mr. Wackwitz precludes recovery by his estate for the alleged acts of medical malpractice. In support of this argument, the defendants rely on *Hill v. Nicodemus, et al.,* 755 F. Supp. 692 (W.D. Va. 1991), which held that a "plaintiff's participation in an immoral or unlawful act precluded recovery for injuries incurred as a result of that act, and consequently a decedent's participation in such an act bars recovery for wrongful death by [his] personal representative." The act referred to was suicide. While the plaintiffs correctly state that this opinion is not "binding" on this court, it is nevertheless persuasive.

Suicide is no longer punishable as a crime in Virginia, but it is still considered an immoral act. The Virginia Supreme Court has concluded that "the act of taking one's own life is 'subversive of sound morality'." *Plunkett v. Supreme Conclave,* 105 Va. 643 (1906). This is still good law in Virginia, and when read together with the *Hill* opinion, indicates that Mr. Wackwitz's suicide precludes recovery by his estate.

### Other Matters

Even if the action could be maintained, Mrs. Wackwitz cannot do so as the representative as she is not a Virginia resident. Virginia Code § 26-59 provides that a non-resident may not be allowed to qualify as personal representative unless a resident has also been appointed to serve. Not only does the motion for judgment fail to allege that Mrs. Wackwitz qualified as a representative, it does not

indicate that a Virginia resident has been appointed to serve as co-administrator of Mr. Wackwitz's estate. Subsection B of 26-59 allows a non-resident to qualify in certain situations, but the motion for judgment fails to state whether or not Mrs. Wackwitz has done so. Therefore, she may not properly maintain this action in a Virginia court.

Further, it would appear that this matter is barred by the statute of limitations. Since this subject has not been argued, however, I do not make it a part of this ruling.

### Conclusion

For the foregoing reasons, this action should be dismissed as to both plaintiffs. Since this ruling is dispositive of the case, the court will not address the other pending motions.